# IN THE COURT OF APPEALS OF IOWA

No. 14-1469
Filed July 22, 2015

**Upon the Petition of**
**ALICIA E. FREDERICKSEN,**
        Petitioner-Appellant,

**And Concerning**
**THOMAS A. DOHERTY,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Adair County, Gregory A. Hulse,

Judge.


        Alicia Fredericksen appeals the portion of the district court's order

awarding joint legal custody and visitation. **AFFIRMED.**



        Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

        Thomas E. Doherty, Casey, pro se.



        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, C.J.**

Alicia Fredericksen appeals the district court order granting her and Thomas Doherty joint legal custody of their children. She claims the district court erred in not granting her sole legal custody.[1] Alicia also claims visitation under the court's terms is inappropriate. The district court ordered Thomas's visitation to be supervised, but upon specified terms, the visitation whould be unsupervised. Upon our de novo review, we conclude unsupervised visitation, conditioned on completion of the Children in the Middle program and substance abuse treatment, is appropriate, as is joint legal custody.

Alicia largely contends she should be awarded sole legal custody because the parties are unable to communicate. We acknowledge the parties' difficulties in communicating, but some of the problem can be attributed to Alicia's actions. She should not be rewarded by a grant of sole legal custody. Sometimes in life there are actions required of a person, in this case a parent, which must be done even if the person does not want to take such action. In this case, that entails the necessity of communicating with the other parent in a mature, non-argumentative fashion for the benefit of the child.

We also decline to require Alicia's requested additional condition, that Thomas address mental health issues before being afforded unsupervised visitation. The record simply does not support such a condition.

---

[1] Appellant states "the trial court's ruling is not granting Alicia primary physical custody of the parties' children should be reversed. Alicia should remain as their primary caretaker subject only to Thomas's reasonable supervised visitation." Appellant's brief uses the term "primary physical custody." Because appellant has already been awarded physical care, we surmise that the prayer references a desire for sole legal custody and supervised visitation.

Pursuant to Iowa Court Rule 21.26(1)(e), we affirm the district court ruling without further opinion.

**AFFIRMED.**